# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DAVID ANTHONY VILLARREAL,

        Petitioner,

                                        CASE NO. 05-CV-74615-DT
v.                                      HONORABLE AVERN COHN

KEN ROMANOWSKI,

        Respondent.

_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254.  David Anthony Villarreal ("Petitioner"), a state prisoner currently confined at the Parr Highway Correctional Facility in Adrian, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is incarcerated in violation of his constitutional rights. Before the Court is Respondent's motion to dismiss the petition as untimely.  For the reasons that follow, the motion will be granted and the petition will be dismissed for failure to comply with the one-year statute of limitations set forth at 28 U.S.C. § 2244(d).

### II. Facts and Procedural History

In 1993, Petitioner pleaded guilty to one count of second-degree criminal sexual conduct and no contest to two counts of first-degree criminal sexual conduct in the Saginaw County Circuit Court.  He was sentenced to 5 to 15 years imprisonment on the second-degree conviction and to concurrent terms of 20 to 40 years imprisonment on

each of the first-degree convictions.  Petitioner filed an appeal as of right with the Michigan Court of Appeals, which affirmed his convictions.  *See People v. Villarreal*, No. 166169 (Mich. Ct. App. Oct. 18, 1994).  Petitioner did not appeal this decision to the Michigan Supreme Court.  *See* Affidavit of Michigan Supreme Court Clerk Corbin R. Davis.

On or about March 21, 2003, Petitioner filed a motion for relief from judgment with the state trial court, which was denied on August 1, 2003.  Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied. *People v. Villarreal*, No. 252670 (Mich. Ct. App. March 15, 2004).  Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Villarreal*, No. 126084 (Mich. Dec. 29, 2004).

Petitioner dated the present petition for writ of habeas corpus on November 14, 2005 and it was filed by the Court on December 6, 2005.  In his pleadings, Petitioner raises claims concerning the state courts' denial of his motion for relief from judgment, his competency and the state court procedures, the voluntariness of his pleas, and the effectiveness of trial and appellate counsel.  Respondent filed the instant motion to dismiss on June 22, 2006 asserting that the petition fails to comply with the one-year statute of limitations applicable to federal habeas actions.

On July 21, 2006, Petitioner submitted a paper entitled "Motion for Treasury Directive," which appears to be his response to the motion and the Court considers it as such.

### III.  Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, became effective on April 24, 1996.  The AEDPA governs the filing date for this action because Petitioner filed his petition after the AEDPA's effective date.  *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  The AEDPA includes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments.  The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner's convictions became final before the AEDPA's April 24, 1996 effective

date.  Prisoners whose convictions became final prior to the AEDPA's effective date are given a one-year grace period in which to file their federal habeas petitions.  *See Abela v. Martin*, 348 F.3d 164, 167 (6th Cir. 2003).  Accordingly, Petitioner was required to file his habeas petition on or before April 24, 1997, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner did not file his state court motion for relief from judgment until March 21, 2003.  Thus, the one-year limitations period had expired well before Petitioner sought state post-conviction review.  A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.  *See Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003).  Petitioner's state post-conviction proceedings did not toll the running of the statute of limitations.  Furthermore, the AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings.  *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

Petitioner has neither alleged nor established that the state created an impediment to the filing of his habeas petition, or that his claims are based upon newly-discovered facts or newly-recognized constitutional rights which have been given retroactive effect.  His habeas action is thus barred by the statute of limitations set forth at 28 U.S.C. § 2244(d).

The Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is not a jurisdictional bar and is subject to equitable tolling.  In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit ruled that the

4

test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988).   The five parts of this test are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008.  A petitioner has the burden of demonstrating that he is entitled to equitable tolling.  *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."  *Jurado v. Burt*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Although Petitioner argues that equitable tolling applies, he sets forth no circumstances which caused him to institute his state court collateral proceedings well after the expiration of the one-year limitations period.  The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling.

The Sixth Circuit has recently held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1).  *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005).  To support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513

5

U.S. 298, 327-28 (1995)).  A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence--that was not presented at trial."  *Schlup*, 513 U.S. at 324.  Furthermore, actual innocence means "factual innocence, not mere legal insufficiency."  *Bousley*, 523 U.S. at 623.  Petitioner has made no such showing of actual innocence.  He has thus failed to demonstrate that he is entitled to equitable tolling of the one-year period.

## IV.  Conclusion

For the reasons stated above, Petitioner failed to file his habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d) and that the statute of limitations precludes federal review of the petition.

Accordingly, Respondent's motion to dismiss is GRANTED and the petition is DISMISSED.

SO ORDERED.


Dated:  August 7, 2006                    _s/Avern Cohn_____
                                                        AVERN COHN
                                                        UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, August 7, 2006, by electronic and/or ordinary mail.

                                                        _s/Julie Owens_____
                                                        Case Manager, (313) 234-5160

6