UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ANTHONY VILLARREAL,

       Petitioner,

v.                                   CASE NO. 05-CV-74615-DT
                                 HONORABLE AVERN COHN

KEN ROMANOWSKI,

       Respondent.
_____/

## ORDER DENYING A CERTIFICATE OF APPEALBILITY

**I.**

This is a habeas case under 28 U.S.C. § 2254. David Anthony Villarreal ("Petitioner"), filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 alleging that he is incarcerated in violation of his constitutional rights. The Court dismissed the petition for failure to comply with the one-year statute of limitations set forth at 28 U.S.C. § 2244(d). See Opinion and Order filed August 7, 2006.

Before the Court is Petitioner's paper styled "Petition for Interlocutory Appeal From the United States District Court Division to the United States Court of Appeals for the Sixth Circuit." Although the paper is virtually unintelligible, it appears that Petitioner seeks to appeal the Court's August 8, 2006 decision. As such, the paper is construed as a request for a certificate of appealability (COA).

**II.**

Before Petitioner can appeal the Court's decision, a certificate of appealability (COA) must issue. See 28 U.S.C. § 2253(c)(1) and Fed. R. App. P. 22(b). A COA may

be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000), the United States Supreme Court held that where, as here, the petition is dismissed on procedural grounds, petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the issues presented were 'adequate to deserve encouragement to proceed further.'" 120 S. Ct. at 1603-04 (quoting Barefoot v. Estelle, 463 U.S. 880, 898 n.4 (1983)). The Supreme Court has also explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 1040.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA. See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam). Moreover, where a Petitioner files a notice of appeal, the Court must issue a order granting or denying a COA. Castro v. United States, 310 F.3d 900 (6th Cir. 2002) (per curiam).

III.

The Court finds that for all the reasons stated in the August 7, 2006 decision, reasonable jurists would not debate the Court's conclusion that the petition is barred by the statute of limitations.  Accordingly, a COA is DENIED.

SO ORDERED.


       s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  September 7, 2006


I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, September 7, 2006, by electronic and/or ordinary mail.

       s/Julie Owens
Case Manager, (313) 234-5160